

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

ERIK MORALES and EDDIE RIVERA,

                    Plaintiffs,

         -against-

THE CITY OF NEW YORK, DETECTIVE
DIONISIO SOLIS, POLICE OFFICERS "JOHN
DOE," and "JANE DOE," in their individual and
professional capacities (the names being fictitious as
their true names are presently unknown),

                  Defendants.

-------------------------------------------------------------- X

**COMPLAINT**

Docket No.:

Jury Trial Demanded

      ERIK MORALES ("Morales") and EDDIE RIVERA ("Rivera") (collectively as "Plaintiffs"), by and through their attorneys, BORRELLI & ASSOCIATES, P.L.L.C., complaining of the Defendants, the CITY OF NEW YORK ("CITY"), DETECTIVE DIONISIO SOLIS ("Solis"), POLICE OFFICER "JOHN DOE," and POLICE OFFICER "JANE DOE," in their official capacities and individually (collectively as "Defendants"), allege upon knowledge as to themselves and their own actions and upon information and belief as to all matters as follows:

## NATURE OF THE CASE

1. This is a civil action seeking monetary damages and other relief based upon the Defendants' conduct including the false arrest, false imprisonment, malicious prosecution and denial of Plaintiffs' civil rights as secured by the Fourth, Fifth and Eighth Amendments, vis-à-vis the Fourteenth Amendment of the United States Constitution, as well as under New York's common law. Specifically, Defendants caused Plaintiffs to be arrested, and imprisoned for nearly four years on charges of Murder, Manslaughter, and Criminal Possession of a

Weapon, before the Plaintiffs were tried and acquitted by a jury of their peers. Defendants initiated prosecution without making inquiries into other possible suspects and ignoring evidence that the Plaintiffs were not guilty, all while acting with something other than a desire to see the ends of justice served. During Plaintiffs' incarceration they were caused to suffer severe and traumatic physical and emotional injuries, all as a result of the Defendants' egregious, unconstitutional conduct.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(1)-(3), 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

3.  Plaintiffs also invoke this Court's supplemental jurisdiction over all state law claims against Defendants as these common law violations arise out of the same case or controversy as Plaintiffs' Federal claims pursuant to 28 U.S.C. §1367.

4.  This case arose in the County of Bronx, State of New York, which lies within the Southern District of New York. Venue is thus properly laid in the Southern District of New York pursuant to 28 U.S.C. §1391.

## PARTIES

5.  Plaintiff Morales is currently a citizen of New Jersey, but at the time of the events underlying this lawsuit, he was a citizen of the State of New York who resided in New York County.

6.  At all relevant times herein, Plaintiff Rivera is a citizen of the State of New York who resides in Bronx County.

2

7.  Defendant CITY was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY operates and governs the New York Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all function of a police department as per the applicable sections of the general municipal law of Defendant CITY.

9.  At all times hereinafter mentioned, the individually named defendants, Solis, John Doe, and Jane Doe, were duly sworn police officers employed by NYPD and were acting under the supervision of NYPD and according to their official duties, and are sued in both their individual and official capacities.

10. At all times hereinafter mentioned, the Defendants, either personally or through their employees, acted under color of state law; of a statue, ordinance, regulation, custom, or usage.

11. Each and all of the acts of defendants Solis, John Doe, and Jane Doe, alleged herein, were committed by defendants Solis, John Doe, and Jane Doe while acting within the scope of their employment with Defendant CITY.

12. Each and all of the action of defendants Solis, John Doe, and Jane Doe, alleged herein, were done by defendants Solis, John Doe, and Jane Doe while acting in furtherance of their employment with Defendant CITY.

## FACTUAL ALLEGATIONS

13. On or about June 26, 2009, at approximately 8:00 p.m., Plaintiffs attended the grand opening of the business "Da Bakery," which is located at or near Southern Boulevard between 173rd and 174th Streets, Bronx, New York.

3

14. "Da Bakery," formally known as "Da Bakery Shop & Gallery," is an art supply store and gallery specializing in urban art.

15. Morales and Rivera arrived separately at or around 8:00 p.m. The two were acquaintances from the "art scene," but they arrived at Da Bakery separately, with each not knowing that the other would be attending.

16. When Plaintiffs arrived, the grand opening event had already started and was filled with approximately 200 people who were enjoying the festivities both inside and on the sidewalk in front of Da Bakery.

17. Rivera and Morales were separately socializing with their friends for several hours, when at or about 10:40 p.m., gun shots rang out.

18. The event attendees, including Rivera and Morales, immediately dispersed from the scene.

19. Plaintiffs, separately and without knowledge of the other's movements, each returned to their respective apartments.

20. Unbeknownst to Plaintiffs at the time, Michael Steinback, Jr. was shot and killed.

21. When police arrived on scene they arrested Henry Chavez, who was in possession of an illegal firearm and was covered in the victim's blood.

22. Mr. Chavez was taken into police custody knowing that he was caught with an unregistered, illegal firearm, and without any knowledge as to who shot and/or killed Mr. Sternback Jr.

23. After many hours in police custody, part of which consisted of Mr. Chavez contacting his sister and searching YouTube for photos, Mr. Chavez allegedly identified both Plaintiffs as the ones responsible for Mr. Steinback's, murder.

4

24. Upon this "identification," the NYPD terminated its investigation.  No weapon was ever found that matched the bullet that killed Mr. Sternback, Jr. and no other witnesses to the murder were contacted or interviewed.

25. Even further, Defendants failed to investigate other possible suspects and ignored evidence that the Plaintiffs were not guilty, all while acting with motives other than a desire to see the ends of justice served.

26. On June 27, 2009, at or around 6:00 p.m., in Bronx, New York, Rivera was taken into custody by Solis, John Doe and Jane Doe.

27. The Police brought Rivera to the 42nd Precinct where the police questioned him for over twenty hours.

28. After over twenty hours of willfully answering all of the police's questions, Rivera was arrested and sent to Central Bookings, against his will and without his consent, where he was charged with Murder in the Second Degree, Manslaughter in the First Degree, and Criminal Possession of a Weapon.

29. At arraignment, Rivera pled not guilty and was remanded without bail.

30. Rivera spent the next forty-three months incarcerated, at either the Vernon C. Bain Center ("VCBC") or Rikers Island facility ("Rikers"), waiting for trial.

31. As a result of the Defendants' wrongful incarceration of Rivera, while in custody Rivera was assaulted and witness to various heinous and inhumane acts, causing him physical, emotional, and psychological injury.

32. On June 30, 2009, at or around 2:45 p.m., in White Plains, New York, Morales was taking his lunch break from work, eating a sandwich in his car, when several unmarked police cars

surrounded him.   Multiple plain-clothed individuals forcibly removed him from his car and handcuffed him against his will.

33. After being handcuffed, the plain-clothed individuals asked for Morales's name, which he gave, after which he was placed in a van and only told that he was being taken to a precinct.

34. Morales was taken to the 42nd precinct – Bronx, New York – where the police placed him in a room, handcuffed him to a chair, and left him alone for several hours.   The police did not permit him to use the bathroom, offer him any food or water, nor did they inform him why he had been arrested.

35. At or about 8:00 p.m., a detective joined Morales in the room and questioned him.   Morales provided information about his attendance and what he saw at Da Bakery.   After being questioned for quite some time, the detective informed Morales that he was being charged with murder.   The detective then sent Morales, against his will and without his consent, to Central Booking to be processed and arraigned.

36. The Defendants charged Morales with Murder in the Second Degree, Manslaughter in the First Degree, and Criminal Possession of a Weapon.

37. At arraignment Morales pled not guilty and was remanded without bail.

38. Morales spent the next forty-three months incarcerated, at either the VCBC or Rikers, waiting for trial.

39. During his incarceration, Morales was assaulted and witness to various heinous and inhumane acts, causing physical, emotional, and psychological injury.

40. A trial of the underlying criminal matter was held in Bronx County before the Honorable Michael A. Gross.

41. The trial resulted in a jury verdict acquitting Plaintiffs of all charges on February 6, 2013.

6

42. Defendant City has failed to train, supervise, re-train, or discipline its police staff, including the individually named defendants within.

43. Defendant City employs a policy whereby the City through the NYPD repeatedly and without cause, stops and detains civilians without the requisite and legally necessary levels of suspicion.   Such repeated 4th Amendment violations amount to the City's deliberate indifference to an obvious need for training and supervision of its officers.

44. As a direct and proximate result of the acts and omission of Defendants, Plaintiffs' civil and constitutional rights were violated through, as described above, the denial of their physical liberty and through verbal and physical abuse.

45. As a direct and proximate result of the acts and omission of Defendants, Plaintiffs were subjected to embarrassment, physical and psychological pain and suffering, and mental and physical stress and trauma.

46. As a direct and proximate result of the acts and omission of Defendants, Plaintiffs continue to experience physical, psychological and emotional pain and suffering from the injuries.

47. Defendants Solis, John Doe, and Jane Doe acted with actual malice toward Plaintiffs, and with willful and wanton indifference to, and deliberate disregard for the constitutional, statutory, and common law rights of the plaintiffs.

## FIRST CLAIM FOR RELIEF AGAINST
### INDIVIDUAL DEFENDANTS
*(Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-a-vis 42 U.S.C. § 1983: False Arrest)*

48. Plaintiffs repeat, re-allege, and incorporate by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

7

49. At all times relevant herein the conduct of the Defendants was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.

50. Acting under the color of law, Defendants denied Plaintiffs' rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit:

   a. By depriving Plaintiffs of liberty without due process of law, by taking them into custody and holding them there against their will.

   b. By making an unreasonable search and seizure of their property without due process of law.

   c. By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiffs equal protection of laws.

   d. By refusing or neglecting to prevent such deprivations and denials to Plaintiffs, thereby depriving Plaintiffs of their rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

51. Defendants effectuated arrests of Plaintiffs without knowledge or reasonable trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.

52. Defendants were acting under the color of state law when they, without probable cause or reasonable suspicion, exercised their authority as police officers to stop and arrest Plaintiffs.

53. A reasonable police officer in the Defendants' position would not have stopped and arrested Plaintiffs because a reasonable police officer would not have cause to believe

there was reasonable suspicion or probable cause to believe that a crime had been or was being committed.

54. Plaintiffs were not free to leave because of the individual Defendants' show of authority and were therefore seized within the meaning of the Fourth Amendment.

55. By illegally seizing Plaintiffs, the individual Defendants caused Plaintiffs to suffer a violation of their Fourth Amendment right to be secure in their person.

## SECOND CLAIM FOR RELIEF AGAINST
## DEFENDANT CITY
### (Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-à-vis 42 U.S.C. § 1983: False Arrest)

56. Plaintiffs repeat, re-allege, and incorporate by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

57. The CITY by way of the NYPD subjected Plaintiffs to the Fourth Amendment violations as the individual Defendants' actions were part of the customary practices of the CITY and NYPD.

58. The CITY and NYPD repeatedly and without cause, stop and detain civilians.  Such repeated Fourth Amendment violations amount to the CITY and NYPD's deliberate indifference to an obvious need for training of its officers, including individual Defendants.  This failure to adequately train resulted in individual Defendants' actions that caused Plaintiffs' harm.

## THIRD CLAIM FOR RELIEF AGAINST
## INDIVIDUAL DEFENDANTS
### (Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-à-vis 42 U.S.C. § 1983: False Imprisonment)

59. Plaintiffs repeat, re-allege, and incorporate by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

9

60. As a result of their concerted, unlawful, and malicious detention and confinement of Plaintiffs, which Plaintiffs were aware of and did not consent to, Defendants deprived Plaintiffs of both their rights to liberty – without due process of law – and their rights to equal protection of the laws.  Further, the due course of justice was impeded in violation of the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

### FOURTH CLAIM FOR RELIEF AGAINST
### ALL DEFENDANTS
*(Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-à-vis 42 U.S.C. § 1983: Refusing or Neglecting to Prevent)*

61. Plaintiffs repeat, re-allege, and incorporate by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

62. At all times relevant to the complaint, defendants Solis, John Doe and Jane Doe as police officers of the NYPD were acting under the direction and control of Defendant CITY.

63. Acting under color of law and pursuant to official policy Solis, John Doe and Jane Doe, and the CITY knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the individual defendant police officers in their duties to refrain from:

   a. Unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

   b. Unlawfully and maliciously arresting, imprisoning, and prosecuting a citizen who was acting in accordance with is constitutional and statutory rights, privileges, and immunities;

10

    c. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiffs by the Constitution and the laws of the United States and the laws of the State of New York;

    d. Otherwise depriving Plaintiffs of their constitutional and statutory rights, privileges and immunities.

64. Defendants had knowledge of the wrongs conspired to be done, as heretofore alleged, or had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

65. Defendants directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of defendant police officers heretofore described.

66. As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth in all paragraphs above, Plaintiffs suffered physical injury, loss of income, and severe mental anguish in connection with the deprivations of his constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

11

## FIFTH CLAIM FOR RELIEF AGAINST
### DEFENDANT CITY
**(MONELL Claim: Failure to Train, Supervise, and Discipline vis-à-vis**
**42 U.S.C. § 1983)**

67. Plaintiffs repeat, re-allege, and incorporate by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

68. Acting under color of law, Defendant City and its agency, the NYPD did knowingly, recklessly, or with gross negligence failed to train, instruct, supervise, control, and discipline on a continuing basis Defendants Solis, John Doe and Jane Doe in their duties to refrain from unlawfully and maliciously arresting, imprisoning, and prosecuting Plaintiffs.

69. The inadequate training/supervision was so likely to result in the aforementioned conduct that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

70. As a result of Defendants aforementioned conduct against Plaintiffs, Plaintiffs have suffered both economic and non-economic damages including mental anguish, public ridicule, public stigmatization and emotional distress.

## SIXTH CLAIM FOR RELIEF AGAINST
### INDIVIDUAL DEFENDANTS
**(Violations of the Fourth Amendment vis-à-vis the Fourteenth Amendment vis-à-vis**
**42 U.S.C. § 1983: Malicious Prosecution)**

71. Plaintiffs repeat, re-allege, and incorporate by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

72. Defendants instituted a criminal prosecution against Plaintiffs by way of Criminal Court Docket Number 2009BX042190 (Rivera) and 2009BX042660 (Morales).

73. The prosecution ended in an acquittal as to both Plaintiffs on February 6, 2013.

74. The Defendants prosecution was initiated and maintained without probable cause.

75. The Defendants initiated and maintained the prosecution with malice.

76. As a result of the Defendants' conduct, Plaintiffs have been injured physically, mentally, and emotionally.

### SEVENTH CLAIM FOR RELIEF AGAINST
### INDIVIDUAL DEFENDANTS
#### (State Law Violation: False imprisonment)

77. Plaintiffs repeat, re-allege, and incorporate by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

78. At all times relevant herein the Defendants acted with the intention of confining Plaintiffs within fixed boundaries, directly resulting in the confinement of Plaintiffs to those boundaries and the Plaintiffs' were aware of their confinement to those boundaries.

### EIGHTH CLAIM FOR RELIEF AGAINST
### ALL DEFENDANTS
#### (State Law Violation: Negligence)

79. Plaintiffs repeat, re-allege, and incorporate by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

80. Defendants owed a duty to supervise and/or train the officers and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment and the filing of criminal charges not supported by probable cause.

81. Defendants breached that duty by failing to supervise and/or train the officers, causing individual Defendants Solis, John Doe and Jane Doe to commit the false arrest, imprisonment and the filing of criminal charges not supported by probable cause.

13

82. As a result of Defendants' breach, Plaintiffs have been injured physically, mentally, and emotionally.

## NINETH CLAIM FOR RELIEF AGAINST
## INDIVIDUAL DEFENDANTS
### (State Law Violation: Malicious Prosecution)

83. Plaintiffs repeat, re-allege, and incorporate by reference each of the allegations set forth above with the same force and effect as if fully set forth herein.

84. Defendants instituted a criminal prosecution against Plaintiffs by way of Criminal Court Docket Number 2009BX042190 (Rivera) and 2009BX042660 (Morales).

85. The prosecution ended in an acquittal as to both Plaintiffs on February 6, 2013.

86. The Defendants prosecution was initiated and maintained without probable cause.

87. The Defendants initiated and maintained the prosecution with malice.

88. As a result of the Defendants' conduct, Plaintiffs have been injured physically, mentally, and emotionally.

## DEMAND FOR TRIAL BY JURY

89. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1. Enter a judgment declaring that Defendants' patterns, practices and omissions, as described above, violate the aforementioned laws;

2. Enter a judgment and award in favor of Plaintiffs and against Defendants for reasonable monetary damages, lost earnings, pain and suffering, humiliation,

14

emotional damages, and all other damages owed to Plaintiffs in an amount proven at trial, resulting from Defendants' unlawful acts or omissions;

3. Enter a judgment and award in favor of Plaintiffs for the compensatory, punitive, and exemplary damages available under all applicable Federal and State laws;

4. Enter a judgment award in favor of Plaintiffs for costs, including but not limited to reasonable attorneys' fees, experts' fees, and other costs and expenses of this litigation;

5. Enter a judgment and award in favor of Plaintiffs for pre-judgment and post-judgment interest;

6. Award such other and further legal and equitable relief as may be found appropriate and as this Court may deem just and proper; and

7. Retain jurisdiction over this action until such time as it is satisfied that Defendants have remedied the practices complained of and is determined to be in full compliance with the law.

Dated:    Great Neck, New York
          February 4, 2013

Respectfully Submitted,

By: _____
    ALEXANDER GASTMAN (AG 8241)
    MICHAEL J. BORRELLI (MJ 8533)
    ALEXANDER T. COLEMAN (AC 1717)
    BORRELLI & ASSOCIATES, P.L.L.C.
    Attorneys for Plaintiffs
    1010 Northern Blvd., Suite 328
    Great Neck, New York 11021
    Tel.  (516) 248 – 5550
    Fax.  (516) 248 – 6027